UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS LEDDY,

    Plaintiff,

v.                                        Case No:   3:15-cv-462-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Thomas Leddy, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed applications for a period of disability, DIB, and SSI on November 4, 2011, alleging disability April 4, 2011. (Tr. 323-30). Plaintiff's applications were denied initially on February 7, 2012, and upon reconsideration on April 17, 2012. (Tr. 230-34, 237-42, 252-56, 258-62). Plaintiff requested a hearing and an administrative hearing was held before Administrative Law Judge Robert Droker (the "ALJ") on July 9, 2013. (Tr. 91-160). On August 7, 2013, the ALJ entered an unfavorable decision finding that Plaintiff was not disabled. (Tr. 71-90). Plaintiff appealed the ALJ's decision and, on February 3, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 7-10). Plaintiff initiated this action by filing a Complaint (Doc. 1) on April 14, 2015.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 4, 2011, the alleged onset date. (Tr. 73). At step two, the ALJ found that Plaintiff had the following severe impairments: disorders of the spine and knee, anxiety, affective disorder, carpal tunnel syndrome, and neuropathy. (Tr. 73). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or

medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 73).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") through the date last insured to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant needs a sit/stand option at will.  Further, the claimant must avoid unprotected heights, the operation of heavy moving machinery and the climbing of ladders.  The claimant must also avoid concentrated exposure to dust, fumes, and gases.  Furthermore, the claimant needs to work in a low stress work environment, with no production line.  In addition to, the claimant is limited to only simple tasks and he should also avoid contact with the public.  Additionally, the claimant can occasionally bend, crouch, kneel and stoop, but must avoid squatting and crawling.  The claimant must also avoid push and pull of arm controls, and the use of foot controls.  Lastly, the claimant needs the use of a mono-cane for ambulation.

(Tr. 76).  At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a framing carpenter.  (Tr. 82).  At step five, the ALJ relied upon the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically occupations of hospital products assembler, mail clerk, document preparer, and lens inserter.  (Tr. 83).  The ALJ concluded that Plaintiff had not been under a disability from April 4, 2011, the alleged onset date, through the date of the ALJ's decision.  (Tr. 84).

   **II.**     **Analysis**

On appeal, Plaintiff argues generally that the ALJ's opinion is not supported by substantial evidence and that the hypothetical question posed to the VE did not contain all of Plaintiff's limitations.  Specifically, Plaintiff contends that the ALJ erred in his consideration of the opinion of psychologist Sherry V. Risch, Ph.D.'s, January 2012 consultative exam report. (Doc. 20 p. 7).  Plaintiff contends that although the ALJ gave great weight to Dr. Risch's opinion, the ALJ never

discussed the limitations Dr. Risch assessed that related to Plaintiff's ability to maintain persistence and pace secondary to sleep disturbance, pain, and physical limitations. (Doc. 20 p. 7). Further, Plaintiff argues that his RFC should have specified that he needs a cane while standing and that such a limitation would significantly erode the occupational base according to the VE. (Doc. 20 p. 8). Finally, Plaintiff argues that the ALJ erred by failing to indicate the weight he accorded to the treatment notes from Stewart Marchman ACT Behavorial Healthcare ("Stewart Marchman") and treating physician Miguel Dejuk, M.D. (Doc. 21 p. 8). In response, Defendant argues denies the errors Plaintiff alleges and contends that that substantial evidence supports the ALJ's RFC assessment. (Doc. 21 p. 4-10).

The Court will address Plaintiff's arguments in the order they were raised in his memorandum of law, beginning with Plaintiff's argument that the ALJ erred in his treatment of Dr. Risch's opinion. The record indicates that Dr. Risch psychologically examined Plaintiff on behalf of the state agency on January 3, 2012. (Tr. 693-98). Dr. Risch diagnosed pain disorder assoiated with both psychological factors and a general medical condition; opiod withdrawal; anxiolytic withdrawal; polysubstance dependence; and major depressive disorder, recurrent. (Tr. 697). Dr. Risch noted that Plaintiff was of average intellect and had the cognitive resources with which to learn basic job rules and follow simple instructions, although his current mental state may cause him difficulty attempting to learn more complicated jobs and following detailed instructions. (Tr. 697). Dr. Risch explained that Plaintiff

> is currently withdrawing from narcotic pain medications and anxiolytics. However, once he works through the withdrawal process and his mood stabilizes, he should be able to appropriately interact with coworkers and supervisors. He would be able to work with the public. At the current time he would have difficulty. [Plaintiff] would be of poor reliability and predictability secondary to a sleep disturbance, pain and physical limitations. He would not be able to maintain persistence and pace for the same reasons.

(Tr. 697). In his decision, the ALJ specified that he gave great weight to Dr. Risch's opinion and accordingly limited Plaintiff's RFC to "simple tasks, avoiding contact with the public and a law stress work environment, with no production line." (Tr. 79).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

Here, the Court finds that the ALJ committed no error in his consideration of Dr. Risch's opinion. As a one-time examiner, Dr. Risch's opinion was not entitled to any particular deference and the ALJ was not under any obligation to give reasons for discounting Dr. Risch's opinion. *See Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (providing that a one-time examining physician's opinion is not entitled to any particular deference); *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (providing that an ALJ may reject the opinion of any physician if the evidence supports a contrary conclusion). While the ALJ gave great weight to Dr. Risch's opinion, it does not follow that the ALJ was obligated to adopt every limitation contained in the opinion. The ALJ specifically identified the limitations he adopted from Dr. Risch's opinion, thus leaving no ambiguity as to how the weight given to the opinion was reflected in Plaintiff's RFC. *See* (Tr. 79). In any event, Dr. Risch's opinion is qualified by the fact that Plaintiff was examined during his

withdrawal from narcotics and anxiolytics and that his functional abilities would be greater once he worked through the withdrawal process. Thus, any additional limitations Plaintiff alleges the ALJ should have adopted would not have shown that Plaintiff's limitations due to medication withdrawal would last for a continuous period of twelve months. *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a).

The Court now turns to Plaintiff's argument that the ALJ erred by failing to find Plaintiff needed a cane to stand. Here, while Plaintiff argues that "it is inconceivable to need a cane for ambulation and not need it to stand," Plaintiff fails to cite to any evidence in the record showing he needed a cane to stand. It is Plaintiff's burden, not the Defendant's, to prove that he is disabled and, therefore, entitled to Social Security disability benefits. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 404.1512(a). Plaintiff's counsel's speculation is not evidence and does not undermine the ALJ's finding limiting Plaintiff to a mono-cane for ambulation, but not for standing. The record indicates that nurse Carol Bennett recommended in April 2012 that Plaintiff use a "walking cane." (Tr. 775). In addition, when asked at the administrative hearing how long he can stand, Plaintiff testified that he could stand for about 20 minutes and did not state that he needed a cane to do so. (Tr. 108). Plaintiff has failed to carry his burden on showing he needed a cane for standing and the Court will not disturb the ALJ's finding on appeal.

Finally, turning to Plaintiff's contention that the ALJ erred by failing to state the weight given to the treatment notes from Stewart Marchman and Dr. Dejuk, the Court finds no basis for remand. While Plaintiff generally claims that "both of these providers mention the existence of pain," Plaintiff fails to identify any piece of medical evidence the ALJ did not consider, any opinion the ALJ ignored, or any limitation contained in these records the ALJ should have adopted. In fact, Plaintiff fails to cite to the record at all in bringing forth this argument. For these reasons,

the Court finds that Plaintiff's argument is waived. *See, e.g. Ehrisman v. Astrue*, 377 F. App'x 917, 920 (11th Cir. 2010) (finding that the plaintiff waived argument after offering no discussion other than conclusory statement with no supporting legal authority). In his decision, the ALJ thoroughly discussed the evidence from Stewart Marchman and Dr. Dejuk and remarked that treatment notes from these providers from February 2012 to May 2013 showed largely normal mental status and physical exam findings. (Tr. 80-81, 714, 718, 723-24, 734, 739, 745, 750, 801-20).

Plaintiff has failed to show that the ALJ's RFC determination was not supported by substantial evidence. Accordingly, the Court will not disturb the ALJ's findings on appeal.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties